UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAIA CAMPBELL, on her own
behalf and on behalf of those
similarly situated,

      CASE NO.:

    Plaintiff,

vs.

ADW CONSULTING, LLC, d/b/a
Georgies Garden Café and
GEORGE WOOD, Individually,

    Defendants.       /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, KAIA CAMPBELL, on her own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendants, ADW CONSULTING, LLC, d/b/a Georgies Garden Cafe ("Georgies") and GEORGE WOOD, Individually ("WOOD") (collectively referred to as "Defendants"), and brings this action for unpaid minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff, and/or those similarly situated, of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff, and those similarly situated and against Defendants as well as all

remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      This action is intended to include each and every hourly-paid server/bartender who worked for Defendants at any time within the past three (3) years.

## PARTIES

7.      Plaintiff, and those similarly situated individuals, were hourly paid servers who performed services for Defendants.

8.      Defendant, GEORGIES, a Florida Profit Corporation, is in the business of operating a restaurant and bar located at 229 N. Cattleman Road, 369, Sarasota, Florida 34243. *See* Defendant, GEORGIES' website, available at http://georgiesgardencafe.com.

9.      At all times relevant to this action, WOOD was an individual resident of the State of Florida, who owned and/or operated GEORGIES, and who regularly exercised the authority to: (a) hire and fire employees of GEORGIES; (b) determine the work and pay schedules for the employees of GEORGIES; (c) control the finances and operations of GEORGIES; and (d) was responsible for the overall business operations of GEORGIES.

## JURISDICTION

10. This Court has original jurisdiction over the claims of Plaintiff and those similarly situated, pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

11. Defendants conduct business in, among others, Sarasota County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

12. At all material times during the last three years, Defendant, GEORGIES was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

14. Based on information and belief, GEORGIES has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all material times during the last three years, Defendant, GEORGIES has been an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. napkins, dishes, silverware, computers, and/or office supplies).

16. Therefore Defendant, GEORGIES is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

17. Additionally, Plaintiff and those similarly situated to her, was/are individually engaged in interstate commerce during her/their employment with Defendants as a result of her/their routine handling of credit card transactions which resulted in communications that crossed state lines and her/their routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

## FACTUAL ALLEGATIONS

18. Defendant, GEORGIES is a company classified as a restaurant and bar.

19. Defendants employ numerous servers/bartenders who perform services for Defendant.

20. Defendants were "employers" of Plaintiff, and those similarly situated under the FLSA.

21. Plaintiff, KAIA CAMPBELL performed server/bartender duties for Defendants from on or around March 2023 through May 2023.

22. Defendants paid Plaintiff and those similarly situated to her an hourly rate plus tips in exchange for server/bartender duties performed on behalf of Defendants.

23. Defendants have a common pay policy and/or pay practice which fails to pay certain hourly rate employees at least the statutory minimum wage for all hours worked per week.

24. For example, Defendants failed to pay Plaintiff and those similarly situated for certain hours worked, including hours spent training for the server/bartender position.

25. Defendants also failed to pay Plaintiff and those similarly situated for all hours spent performing the server/bartender duties.

26. Additionally, Defendants misrepresented the amount of tips purportedly earned by Plaintiff and those similarly situated to her in order to avoid the payment of full and proper minimum wages. Specifically, Defendants reported inflated amounts of tips purportedly earned by Plaintiff and those

similarly situated to avoid the requisite payment of at least the statutory minimum wage rate for all hours worked per workweek.

27. As a result of these illegal pay policies, Plaintiff and those similarly situated to her did not receive proper minimum wages for all hours worked during some or all workweeks throughout her/their employment with Defendants.

28. Plaintiff and those similarly situated to her was/are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during her/their employment with Defendants pursuant to 29 C.F.R. 778.5.

29. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation with respect to Plaintiff and those similarly situated to her.

30. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

31. Defendants have acted willfully in failing to pay Plaintiff and those similarly situated to her in accordance with the law.

32. Defendants failed to provide Plaintiff and those similarly situated notice of the following:

    a. the amount of the direct or cash wage to be paid to them as tipped employees;

    b. the additional amount being claimed by Defendants as a tip credit;

    c. that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by the tipped employees;

    d. that all tips received by the tipped employees are to be retained by the employees except for tips contributed pursuant to a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

    e. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

33. Defendants failed to maintain proper time records as mandated by law.

34. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

35. Plaintiff attempted to resolve the claims asserted in this complaint under the FLSA prior to filing the instant complaint by sending a letter to Defendants, but Defendants have failed to respond.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff and those similarly situated to her performed the same or similar job duties as one another in that they performed server and/or bartender duties on behalf of Defendants.

37. Plaintiff and those similarly situated were all hired by Defendants to perform server and/or bartender duties.

38. Defendants were "employers" of Plaintiff and those similarly situated under the FLSA.

39. Plaintiff and those similarly situated were all paid an hourly rate for training and an hourly rate plus tips for the work performed as servers/bartenders.

40. Plaintiff and those similarly situated were subjected to the same pay provisions, inasmuch as they were not compensated at the applicable full statutory minimum wage rate for all hours worked during one or more workweeks. Thus, those similarly situated are owed minimum wages for the same reason as Plaintiff.

41. Defendants' failure to compensate Plaintiff and those similarly situated the applicable full statutory minimum wage rate for all hours worked as required by the FLSA results from a policy or practice of failing to pay them proper minimum wages, applicable to those similarly situated herein.

42. These policies or practices were applicable to Plaintiff and those similarly situated.

43. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applies to all those similarly situated. Accordingly, those similarly situated are properly defined as:

> **All Servers/bartenders who worked for at Georgies within the last three (3) years and who were not compensated at the full applicable minimum wage rate for all hours worked in one or more workweeks.**

44. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation with respect to Plaintiff and those similarly situated.

45. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

46. Defendants did not have any good faith basis for their failure to pay Plaintiff, and those similarly situated to her, her/their proper minimum wage compensation.

47. Defendants have acted willfully in failing to pay Plaintiff and those similarly situated in accordance with the law.

## COUNT I - RECOVERY OF MINIMUM WAGES

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-47 above.

49. Plaintiff, and those similarly situated to her, are/were entitled to be paid the proper minimum wage for each hour worked per workweek.

50. Plaintiff and those similarly situated to her are/were entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during her/their employment with Defendants pursuant to 29 C.F.R. 778.5.

51. Defendants failed to pay proper minimum wages to Plaintiff and those similarly situated to her during one or more workweeks contrary to the FLSA.

52. Defendants were/are aware of the laws which require employees to be paid at least the statutory minimum wage for all hours worked per workweek.

53. Despite its knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. §206).

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

55. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff, and those similarly situated to her, has/have been damaged in the loss of minimum wages.

56. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to her are entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

   a. Designating this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

   b. Awarding Plaintiff, and those similarly situated to her, her/their unpaid minimum wages;

   c. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

   d. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

   e. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: October 9, 2023.    Respectfully submitted by,

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Florida Bar No.:  0025871
*(Lead Counsel for Plaintiff)*
Morgan & Morgan, P.A.
20 N. Orange Ave., 15h Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:  kimd@forthepeople.com

*Attorneys for Plaintiff and those similarly situated*