UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAIA CAMPBELL,

      Plaintiff,

v.                                      Case No. 8:23-cv-2290-MSS-NHA

ADW CONSULTING,
LLC, *et al.*,

      Defendants.
_____/

## ORDER

Plaintiff's motion for entry of Clerk's default (Doc. 13) is granted, in part, and denied without prejudice, in part. The Clerk is directed to enter default against Defendant George Wood only.

Plaintiff Kaia Campbell alleges Defendants ADW and George Wood violated the Fair Labor Standards Act by failing to pay Plaintiff and a collective of employees a minimum wage. Doc. 1. On November 21, 2023, Plaintiff served Defendant ADW by serving Allyson Iaderosa, whom the process server avers is a "co-tenant" of ADW's registered agent, Anthony Wood. Doc. 11. At the same time, Plaintiff served Defendant George Wood by serving Ms. Iaderosa, whom the process server avers is also a "co-tenant"

of George Wood. Doc. 12. Both Defendants have failed to answer or otherwise demonstrate an intent to defend against this lawsuit. Plaintiff now moves for entry of Clerk's default. Doc. 13.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment*." In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

<u>Default as to George Wood</u>

Federal Rule of Civil Procedure 4(e) governs the service of process on individuals. It provides that a party may serve an individual by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B). An individual may also be served by

following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(e)(1).

In Florida, a party may serve an individual by "leaving the summons, along with a copy of the complaint, petition, or other initial pleading or paper . . at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). Here, Plaintiff did just that; On November 21, 2023, the process server "deliver[ed] a copy of the summons [and] complaint . . . to: Allyson Iaderosa as co-tenant at [George Wood's] usual place of abode." Doc. 12. The process server certified Ms. Iaderosa was over the age of fifteen and that he informed her of the contents of the service of process. *Id.*

Under Rule 12(a)(1)(A), George Wood had until December 12, 2023, 21 days after being served with the summons and complaint, to serve an answer or otherwise respond. He did not. Pursuant to Local Rule 1.10(b), Plaintiff had until January 9, 2024, to move for default, and Plaintiff timely did so on January 2, 2024 (Doc. 13).

George Wood has been served. He has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend himself in this

3

action, and the time to do so has expired. Plaintiff timely moved for a Clerk's default. Entry of a Clerk's default is appropriate as to George Wood.

Service on ADW

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations, and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). An LLC may also be served by following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Section 48.062 of the Florida Statutes governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf. Subsection (2) directs plaintiffs to first attempt service on the LLC's registered agent or an employee of the registered agent. *See* Fla. Stat. § 48.062(1). Subsection (5) specifies, *"If the address for the registered agent or any person listed publicly by the [LLC]* on

its latest annual report, as most recently amended, *is a residence*, . . . service on the domestic limited liability company . . . may be made by serving . . . the registered agent in accordance with section 48.031." Fla. Stat. § 48.062(5) (emphasis added).

In turn, Section 48.031 provides that service of process may be accomplished "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Critically, Section 48.062(5) does not permit service by Section 48.031 at an address other than the one the LLC publicly lists as the agent's registered address. *See* Fla. S. Comm. On Rules, CS/CS/CS/SB 462 (2019) Staff Analysis, p. 6 (March 21, 2019) (https://www.flsenate.gov/Session/Bill/2019/462/Analyses/2019s00462.rc.PDF) (In reference to 48.062(4),[1] "The agent's business address for service of process *must be the same as the agent's registered office*, but this address may be a residence or a private

---

[1] The language now codified in subsection (5) was previously codified in subsection (4). Fla. Stat. § 48.062 (2019).

mailbox.") (emphasis added); Fla. H.R. Judiciary Comm., CS/CS/HB 91 (2019) Staff Analysis, p. 6 (February 12, 2019) (https://www.flsenate.gov/Session/Bill/2019/462/Analyses/2019s00462.ju.PDF) ("[I]f the address *provided by an LLC for its registered agent* . . . is a residence or a private mailbox, substituted service on the LLC may be made by serving the registered agent . . . pursuant to s. 48.031 . . . .") (emphasis added); *see also Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001) ("[S]tatutes governing service of process are to be strictly construed and enforced").

The Affidavit of Service for ADW provides that the process server purported to effect service on ADW at 19706 79th Avenue E., Bradenton, FL 34202, by serving process on "Allyson Iaderosa as Co-Tenant of the Registered Agent, *at the address listed with the Secretary of State as the Address of the Registered Agent*." Doc. 11 (emphasis added). This statement is incorrect. The Florida Department of State, Division of Corporations records list ADW's registered agent, Anthony Wood, at a different address: 1209 3rd Street South, Suite 9, Naples, Florida 34102.[2]

---

[2] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial

6

Because Plaintiff did not serve Anthony Wood at the address ADW provided for him as registered agent, Section 48.062(5) does not permit Plaintiff to serve on ADW under the procedure set forth in Section 48.031.

Given that Plaintiff has not yet properly served ADW, entry of a Clerk's default as to ADW is inappropriate at this time.

Accordingly, Plaintiff's motion for Clerk's default (Doc. 13) is **GRANTED, IN PART, AND DENIED WITHOUT PREJUDICE, IN PART**:

(1) Plaintiff's motion for Clerk's default (Doc. 13) is **GRANTED** as to Defendant George Wood.

   a. The Clerk is DIRECTED to enter default against Defendant George Wood.

   b. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment as to George Wood, or file a paper identifying each unresolved issue necessary to entry of the default judgment against him.

---

notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

(2) Plaintiff's motion is **DENIED WITHOUT PREJUDICE** as to Defendant ADW.

    a. No later than February 19, 2024, Plaintiff must serve Defendant ADW in the manner prescribed by law and file proof of service.

ORDERED on January 23, 2024.

*/s/ Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge