UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAIA CAMPBELL,

      Plaintiff,

v.                                        Case No. 8:23-cv-2290-MSS-NHA

ADW CONSULTING,
LLC, *et al.*,

      Defendants.
_____/

## **ORDER**

I grant Plaintiff Kaia Campbell's motion for entry of Clerk's default (Doc. 24) against Defendant ADW Consulting, LLC.

Plaintiff Kaia Campbell alleges Defendants ADW and George Wood violated the Fair Labor Standards Act by failing to pay Plaintiff and a collective of employees a minimum wage. Doc. 1. On April 5, 2024, Plaintiff served ADW by serving its registered agent, Anthony Wood. Doc. 22. Plaintiff alleges ADW failed to answer or otherwise demonstrate an intent to defend against this lawsuit. Doc. 24. Plaintiff now moves for entry of Clerk's default. *Id.*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations, and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). An LLC may also be served by following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

2

Here, the return of service demonstrates that Plaintiff served ADW on April 5, 2024, by serving a copy of the summons and complaint on Anthony Wood. Doc. 22. Records of the Florida Department of State, Division of Corporations, confirm Mr. Wood is the registered agent of ADW.[1] Thus, Plaintiff has served ADW in accordance with Rule 4.

ADW had until April 26, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). ADW has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. Pursuant to Local Rule 1.10(b), Plaintiff had until May 24, 2024, to move for Clerk's default, and Plaintiff timely did so on May 23, 2024 (Doc. 24).

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 24) is GRANTED.

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

2. The Clerk is DIRECTED to enter default against Defendant ADW Consulting, LLC.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on May 24, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge